**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANDREA TUDDA, Individually and on Behalf of All Other Similarly Situated

Plaintiffs,

-against-

NORTHWELL HEALTH, INC. and PERRY JOHNSON & ASSOCIATES, INC.,

Defendants

Case No. ____________________

**NORTHWELL HEALTH, INC.'S NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

PLEASE TAKE NOTICE that defendant Northwell Health, Inc. ("Northwell"), with the consent of defendant Perry Johnson & Associates, Inc. ("PJ&A" and together with Northwell, the "Defendants"), hereby removes to this Court *Tudda v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, Index No. 618932/2023, currently pending before the Supreme Court of the State of New York, Nassau County, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and respectfully states as follows:

## I. BACKGROUND

1. On November 20, 2023, Andrea Tudda ("Plaintiff"), on behalf of himself and a putative class, filed a Summons and Class Action Complaint in the Supreme Court of the State of New York, Nassau County, captioned *Tudda v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, Index No. 618932/2023 (the "Complaint" or "Compl.").[1]

[1] A true and accurate copy of the Complaint is attached to this notice as Exhibit A.

2. Plaintiff's Complaint arises from data security incidents that he alleges took place in the spring of 2023. Specifically, Plaintiff alleges that from April 7 to April 18, 2023, an unidentified intruder or intruders gained unauthorized access to PJ&A's technological systems and unlawfully accessed and withdrew the personally identifiable information ("PII") and protected health information ("PHI") that belonged to Plaintiff and the other members of the putative class (as defined in the Complaint, the "Class Members"). Compl. ¶ 5. The Complaint defines the alleged data security incident as the "Data Breach." Compl. ¶ 5.

3. Plaintiff alleges that he and the other members of the putative class suffered damages from the unauthorized intruder's or intruders' actions, including that they have been victims of identity theft and fraud, and that they are at heightened risk of fraud and identity theft. Compl. ¶ 11.

4. The Complaint includes one count of negligence, one count of negligence *per se*, and one count of violation of N.Y. GBL § 349 against Defendants, on behalf of Plaintiff and the putative class. Compl. ¶¶ 144–89. In support of this cause of action, Plaintiff alleges that the Defendants failed to properly secure and safeguard his PII and PHI, and the PII and PHI of the other members of the putative class. Compl. ¶ 1.

5. Plaintiff was not the first to file a putative class action complaint following the alleged breach of PJ&A's technological systems. As of December 6, 2023, twenty-nine other nearly identical putative class action lawsuits have been filed against Northwell and/or PJ&A, twenty-six of which were filed in federal court: *Gill v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01851 (D. Nev., filed Nov. 10, 2023); *Lowery v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01857 (D. Nev., filed Nov. 13, 2023); *Carter v. Cook County Health and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01866

(D. Nev., filed Nov. 13, 2023); *Gerber v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08467 (E.D.N.Y., filed Nov. 14, 2023); *O'Rourke v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01880 (D. Nev., filed Nov. 14, 2023); *Rodriguez et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01874 (D. Nev., filed Nov. 14, 2023); *Levitt v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01892 (D. Nev., filed Nov. 16, 2023); *Mayo et al. v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08517 (E.D.N.Y., filed Nov. 16, 2023); *Vasquez v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08544 (E.D.N.Y., filed Nov. 16, 2023); *Hvidsten et al. v. Northwell Health, Inc.*, No. 2:23-cv-08538 (E.D.N.Y., filed Nov. 16, 2023); *Vetere v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01900 (D. Nev., filed Nov. 17, 2023); *Belov et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08583 (E.D.N.Y., filed Nov. 17, 2023); *Kurtev et al. v. Cook County Health & Hospitals System and Perry Johnson & Associates, Inc.*, No. 2:23-cv-1905 (D. Nev., filed Nov. 17, 2023); *Brewster v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08627 (E.D.N.Y., filed Nov. 20, 2023); *Faivre v. Perry Johnson & Associates, Inc., Northwell Health, Inc., and Cook County Health*, No. 2:23-cv-01926 (D. Nev., filed Nov. 20, 2023); *Jerome v. Northwell Health*, No. 2:23-cv-08624 (E.D.N.Y., filed Nov. 20, 2023); *Belov et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01925 (D. Nev., filed Nov. 20, 223); *Colon et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01910 (D. Nev., filed Nov. 20, 2023); *Marconi et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08638 (E.D.N.Y., filed Nov. 21, 2023); *Kaufman v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01935 (D. Nev., filed Nov. 21, 2023); *Davis v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01932 (D. Nev., filed Nov. 21, 2023); *Shanahan et al. v. Perry*

*Johnson & Associates, Inc., Northwell Health, Inc., Salem Regional Medical Center, and Cook County Health*, No. 2:23-cv-01947 (D. Nev., filed Nov. 22, 2023; amended complaint filed Dec. 4, 2023); *O'Neill et al. v. Perry Johnson & Associates, Inc. and County of Cook, Illinois*, No. 2:23-cv-01964 (D. Nev., filed Nov. 28, 2023); *L.G. v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01987 (D. Nev., filed Nov. 30, 2023); *Sept et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01983 (D. Nev., filed Nov. 30, 2023); and *Ruderman et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-02014 (D. Nev., filed Dec. 6, 2023).[2]

6. In addition to the twenty-six cases filed in federal court, another putative class action complaint relating to the alleged breach of PJ&A's technological systems has been filed in New York Supreme Court: *Heitzner v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, Index No. 161199/2023 (N.Y. Sup. Ct., New York County, filed Nov. 15, 2023).

7. Each of these complaints includes the same or similar allegations and causes of action as the *Tudda* complaint and is based on the same underlying facts. Moreover, there is substantial—and, in some instances, complete—overlap among the putative classes across the various class action complaints. Given the multitude of overlapping parties and alleged facts, Northwell anticipates that these putative class action complaints will be transferred to a single United States District Court for consolidation and further proceedings.[3]

[2] Two additional putative class action complaints have been filed in Illinois state court: *Kimber v. Cook County Health and Hospitals System and Perry Johnson & Associates, Inc.*, No. 2023CH09293 (Ill. Cir. Ct., Cook County, filed Nov. 7, 2023); and *Martin v. Cook County Health and Hospitals System and Perry Johnson & Associates, Inc.*, No. 2023CH09558 (Ill. Cir. Ct., Cook County, filed Nov. 21, 2023).

[3] Plaintiffs in at least six of these federal cases have filed notices of related cases, some of which indicate that they are considering consolidation of the cases. *See Hvidsten et al. v. Northwell Health, Inc.*, No. 2:23-cv-08538 (E.D.N.Y. Nov. 27, 2023) (ECF No. 7); *Belov et al. v. Perry Johnson & Associates, Inc.*, No. 23:cv-01925 (D. Nev. Nov. 21, 2023) (ECF No. 3); *Gill v. Perry*

## II. REMOVAL BASED UPON THE CLASS ACTION FAIRNESS ACT, 28 U.S.C §§ 1332(D) AND 1453

8. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). As detailed below, all the elements necessary for CAFA jurisdiction are contained within the Complaint:

i. The putative class is a proposed class action within the meaning of CAFA;

ii. Any member of a class of plaintiffs is a citizen of a State different from any defendant;

iii. The number of members of all proposed plaintiff classes in the aggregate is at least 100; and

iv. The matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.

*See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6).

9. ***Removal to this Court is proper because this case is a proposed "class action" within the meaning of CAFA.*** CAFA's definition of "class action" includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the Complaint is brought "under New York Civil Practice Law and Rules ('CPLR') § 901, *et seq.*" which governs class actions filed in New York state court. Compl. ¶ 127. CPLR § 901 class actions are class actions brought under a "similar State statute" to rule 23 of the Federal Rules of Civil Procedure, and thus fall within CAFA's definition of "class action." *See* 28 U.S.C. § 1332(d)(1)(B).

---

*Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01851 (D. Nev. Nov. 30, 2023) (ECF No. 8); *O'Rourke v. Northwell Health, Inc., and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01880 (D. Nev. Nov. 30, 2023) (ECF No. 6); *Davis v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01932 (D. Nev. Nov. 30, 2023) (ECF No. 4); and *Ruderman et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-02014 (D. Nev. Dec. 6, 2023) (ECF No. 3).

10. ***Removal to this Court is proper because the parties are minimally diverse.*** The Complaint alleges that the named Plaintiff "is a citizen of New York, residing in Seaford, Nassau County, New York." Compl. ¶ 17. The Complaint also alleges that PJ&A "is a Nevada corporation with headquarters at 1489 West Warm Springs Road, Suite 110, Henderson, Nevada." Compl. ¶ 19.[4] Therefore, the named Plaintiff "is a citizen of a State different from" defendant PJ&A. Accordingly, the Complaint satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(1)(B).

11. ***Removal to this Court is proper because the proposed class exceeds 100 individuals.*** The Complaint defines the proposed class as "[a]ll citizens of the Untied States to whom PJ&A sent a Notice of the Data Breach." Compl. ¶ 128. The Complaint alleges that Defendants failed to safeguard the PII and PHI of "nearly four million individuals" and "the Class consists of millions [of] individuals." Compl. ¶¶ 1, 134. Therefore, the proposed class includes "potentially millions of Class Members," Compl. ¶ 124, far exceeding CAFA's minimum requirement of 100 people.

12. ***Removal to this Court is proper because the matter in controversy exceeds $5 million.*** Plaintiff, individually and on behalf of the putative class, seeks damages including actual, nominal, consequential, and punitive damages, and seeks injunctive relief "to adequately safeguard Plaintiff's and Class Members' PII and PHI." Compl. at 45 ("Prayer for Relief"). While Plaintiff does not specify a claimed amount, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiff claims to be

---

[4] Although not alleged in the Complaint, upon information and belief, it is Northwell's understanding that PJ&A has its principal place of business in Troy, Michigan, further confirming the diversity of parties to this action.

seeking damages for, *inter alia*, "loss of time, opportunity costs, [and] out-of-pocket costs," while noting that "the average total cost to resolve an identity theft-related incident . . . [comes] to about $20,000, and that the victims [are] often forced to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage." Compl. ¶¶ 119, 160. By Plaintiff's own metric, the supposed damages he and the class allegedly sustained are well in excess of $5 million. Plaintiff also seeks injunctive relief, which can be included in the assessed value of the claim. *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Moreover, when considering the size of the putative class ("potentially millions" of individuals, Compl. ¶ 124), Northwell can plausibly assert that Plaintiff's request for monetary damages exceeds the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d)(2).[5] *See Dart Cherokee*, 135 S. Ct. at 554.

13. Because the Complaint satisfies each of CAFA's jurisdictional requirements, it can be properly removed to this Court.

14. Removal of the *Tudda* complaint to federal court is also consistent with the legislative purpose of CAFA, which is "to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109-14, 109th Congress, 1st Sess. (Feb. 28, 2005). That is applicable to this case, as Plaintiff alleges that PJ&A was a medical transcription service located in Nevada that transcribed medical records on behalf of Northwell, a healthcare system located in New York. Compl. ¶¶ 3, 18, 22. CAFA's legislative history similarly encourages federal courts to "read [CAFA's provisions] broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any

---

[5] Northwell also notes that each of the twenty-six putative class action lawsuits filed against Northwell and/or PJ&A in federal court relating to the alleged breach of PJ&A's technological systems alleges that the amount in controversy exceeds $5 million. *See, e.g.*, Compl. ¶ 23, *Belov et al. v. Northwell Health, Inc. and Perry Johnson & Associates.*, Inc., No. 23-cv-08583 (E.D.N.Y., filed Nov. 17, 2023).

defendant," considering that such class actions usually have "significant implications for interstate commerce and national policy." S. Rep. No. 109-14, 109th Congress, 1st Sess. (Feb. 28, 2005).

## III. NORTHWELL SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

15. Removal is timely under 28 U.S.C. § 1446(b), because Northwell is removing *Tudda* within 30 days of being served with the *Tudda* complaint.[6]

16. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where *Tudda* was pending.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in *Tudda*, which includes the summons and complaint, are attached hereto as Exhibit A.

18. Promptly after filing of this notice of removal, written notice of the removal of this action will be given to Plaintiff's counsel, and copy of this notice of removal will be filed with the Clerk of the Supreme Court of New York, Nassau County, as required by 28 U.S.C. § 1446(d).

19. All served defendants have consented to the removal of this action. *See* Signed Consent of Defendant Perry Johnson & Associates, Inc., attached hereto as Exhibit B.

WHEREFORE, the action previously filed in the Supreme Court of the State of New York, Nassau County, is hereby removed to the United States District Court for the Eastern District of New York.

[6] Northwell was served with the *Tudda* complaint on November 27, 2023.

Dated: December 7, 2023

Respectfully submitted,

By: /s/ *Christopher P. Conniff*

Christopher P. Conniff
Glen J. Dalakian II
(*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax: (212) 596-9090
christopher.conniff@ropesgray.com
glen.dalakian@ropesgray.com

William L. Roberts
(*pro hac vice* forthcoming)
Kathryn E. Caldwell
(*pro hac vice* forthcoming)
Andrew B. Cashmore
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax: (617) 951-7050
william.roberts@ropesgray.com
kathryn.caldwell@ropesgray.com
andrew.cashmore@ropesgray.com

*Counsel for Defendant Northwell Health, Inc.*